UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DIANNE OWENS, ) | CASE NO. 3:07 CV 1644 |
| ) | |
| Plaintiff, ) | CHIEF JUDGE JAMES G. CARR |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| EDWIN A. VOORHIES, et al., ) | |
| ) | |
| Defendants. ) | |

On June 4, 2007, pro se plaintiff Dianne Owens filed the above-captioned action against Southern Ohio Correctional Facility ("SOCF") Warden Edwin A. Voorhies, SOCF Corrections Officer Kyle Burdett, and SOCF Corrections Officer William Riffle. In the complaint, plaintiff alleges the defendants could have done more to prevent her son's suicide while incarcerated at SOCF. She does not specify the relief she seeks. Ms. Owens also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## Background

The complaint submitted by Ms. Owens is very brief. It states in its entirety:

> I Dianne Owens is [sic] suing the warden for not properly protecting my son which cause [sic] him to died [sic] in this place after I called him and he put my son on speaker phone together and my son told him his life had been threaten [sic]. I think there [sic] is civil right law suit here and discrimination. I Dianne Owens feel this is a discrimination law complaint against my sons [sic] life the[y] did not do the part to protect him or help him.

(Compl. at 1-2.) Ms. Owens attaches several exhibits to her complaint which provide some factual background. It appears that Ms. Owen's son, Garry Owens, committed suicide on June 4, 2005 by hanging himself with a bed sheet in his cell. He was in the segregation unit of the prison because

he's been in a fight with another inmate. Two corrections officers, William Riffle and Kyle Burdett, were placed on administrative leave following the incident. The exhibits indicate that Mr. Riffle's employment was terminated because he had failed to make seven of the fourteen range checks that he recorded in the Range Check Ledger Book. Mr. Riffle admitted that he had recorded range checks in the book which he didn't actually conduct. The complaint does not indicate the fate of Mr. Burdett.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). This action is dismissed pursuant to § 1915(e).

Review of the complaint indicates the specific events and omissions of which plaintiff complains occurred at SOCF, which is in the Southern District of Ohio. Furthermore, all of the defendants appear to reside in Lucasville. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1)

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As none of the defendants resides in the Northern District of Ohio and none of the events giving rise to the claims in this action occurred in this District, the United States District Court for the Northern District of Ohio is not the proper venue to assert these claims. The United States District Court for the Southern District of Ohio would be the proper venue to file this action.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

Ms. Owens does not provide much information concerning the claims she is seeking to assert. She states only that she "think[s] there [is] a civil right[s] law suit here and discrimination." (Compl. at 1.) As no other statutory provision appears to present an even arguably viable vehicle for the assertions contained in the complaint, the court liberally construes these claims as arising under 42 U.S.C. §1983.

Ms. Owens, however, cannot assert claims under 42 U.S.C. §1983 on behalf of her son. Claims asserted in a § 1983 action are personal to the injured party. Shepard v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003). Ms. Owen lacks standing to assert violations of her son's constitutional rights. See id. In addition, she cannot assert claims on behalf of her son's estate. She does not claim to be the executrix or administratrix of the estate. Only the executor or

administrator has standing to raise § 1983 claims for a decedent.

Moreover, even if Ms. Owen had claimed to be the executrix of her son's estate, she could not proceed pro se on behalf of the estate if the estate has other beneficiaries or creditors. Id. Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause.") There is no suggestion in the pleading that Ms. Owens is the only beneficiary and the only creditor of the estate.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.